NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MELINDA CHAPMAN,  :
:
    Plaintiff,  :  Civil No. 08-4130 (AET)
:
v.  :  **MEMORANDUM AND ORDER**
:
STATE OF NEW JERSEY, et al.,  :
:
    Defendants.  :

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court upon Defendants' Motion for Judgment on the Pleadings [16], filed pursuant to Fed. R. Civ. P. 12(c). The Court has decided the motion based upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated below, the instant motion is granted.

BACKGROUND

In the early evening hours of July 11, 2007, Plaintiff found herself in the middle of a buy-bust arrest operation in Carteret, New Jersey. At the scene, Plaintiff's car was parked near the target of the police investigation. Authorities, including the New Jersey State Police and the Tactical Emergency and Mission Specialists ("TEAMS"), mistakenly converged on Plaintiff's automobile, believing it to be the target of their investigation.[1] Both Plaintiff and her passenger,

---

[1] Plaintiff alleges that this occurred when she proceeded to reverse out of the parking lot; Defendants maintain that authorities only converged "after the passenger in Plaintiff's automobile, Khalid McMorris, exited plaintiff's car and directed loud, distracting and confrontational remarks at the TEAMS officers while they were in the process of arresting and

Mr. Khalid McMorris, were brought to the ground and secured by TEAMS officers.

After determining that the Plaintiff and her passenger were unrelated to the investigation, authorities released both individuals. At the scene, Plaintiff complained of injuries to her knee. Authorities contacted paramedics, at which point the paramedics transported Plaintiff to a nearby hospital and treated her for injuries to her left knee. Plaintiff was released from the hospital shortly thereafter.

On June 26, 2008, Plaintiff filed suit in the Superior Court of New Jersey, Middlesex County, naming, *inter alia*, New Jersey Attorney General Anne Milgram, in her official capacity, the State of New Jersey and the New Jersey Division of State Police as Defendants. Plaintiff alleges, among other things, a violation of her rights under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"). N.J.S.A. 10:6-1 et seq. On August 18, 2008, the matter was removed to this Court [1], pursuant to 28 U.S.C. §§ 1331, 1441(b), 1441(c) and 1443. On July 2, 2009, Attorney General Milgram, the State of New Jersey, and the Division of State Police (collectively "State Defendants") filed a Motion for Judgment on the Pleadings [16], pursuant to Fed. R. Civ. P. 12(c). For the reasons stated below, the motion is granted.

DISCUSSION

A.  Standard for Rule 12(b)(1) Motion

The State Defendants file the instant motion under Fed. R. Civ. P. 12(c). However, because part of instant motion implicates the Court's subject matter jurisdiction to hear the case against certain parties, the Court will construe that portion of the motion as having been filed pursuant to Fed. R. Civ. P. 12(b)(1). If the Court lacks subject matter jurisdiction to preside over

---

securing their two drug suspects."

the case, the complaint may be dismissed; after all, subject matter jurisdiction is the "authority of the court to adjudicate the type of controversy in a given case." Carlisle v. United States, 517 U.S. 416, 434-35 (1996). "Every federal court, either trial or appellate, is obliged to notice want of subject matter jurisdiction on its own motion." Things Remembered v. Petrarca, 516 U.S. 124, 132 n.1(1995).

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), a Court must distinguish between facial and factual challenges to jurisdiction. "In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction, whereas a factual attack asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1997). In this case, inherent in the instant motion is an argument based on New Jersey's Sovereign Immunity, codified in the Eleventh Amendment. Therefore, because the instant motion is a facial attack to the Court's jurisdiction, the Court will consider the allegations of the Complaint and documents referenced therein and attached thereto, in the light most favorable to the Plaintiff. Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

B.    The Motion as it concerns the State of New Jersey and Division of State Police.

Plaintiff brings suit against the Division of State Police and the State of New Jersey for their role in the events of July 11, 2007. Yet, Plaintiff's suit against the Division of State Police and the State of New Jersey is, in reality, a suit against the state. The Eleventh Amendment is not merely a defense to liability, it provides immunity for states against suits brought in federal court. Fed. Mar. Comm'n v. S.C. State Port. Auth., 535 U.S. 743, 766 (2002). Therefore, the State of New Jersey and Division of State Police are immune from suit in this Court.

C. Standard for Rule 12(c) Motion

When weighing a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c), the court will utilize the same standard when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Shelly v. Johns-Manville Corp., 798 F.2d 93, 97 n.4 (3d Cir. 1986). In deciding a motion to dismiss under Rule 12(b)(6), all allegations in the Complaint must be accepted as true and viewed in the light most favorable to the plaintiff. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). A court may dismiss a complaint if it appears that a plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). It is a determination of whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief. Colburn v. Upper Darby Twp., 838 F.2d 663, 665 (3d Cir. 1988).

D. The Motion as it concerns Attorney General Milgram.

Without discussing the merits of Plaintiff's claims under 42 U.S.C. §1983, the Court must first determine if Attorney General Milgram is protected from suit. The State Defendants assert that, because Attorney General Milgram is sued in her official capacity, she is not a "person" under 42 U.S.C. § 1983. To support this argument, they cite Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989), which states "neither a state nor its officials acting in their official capacities are 'persons' under §1983." Id. at 71. "As such, a [suit against an official's office] is no different from a suit against the State itself." Id.

It is clear that a suit against the Attorney General, sued in her official capacity, cannot withstand the constitutional scrutiny outlined in Will because, it is, in effect, a suit against the state. Such a suit would run afoul of the Eleventh Amendment. For that reason, Plaintiff's

Section 1983 claims against the Attorney General, sued in her official capacity, cannot proceed.

    E.    The Motion as it concerns the NJCRA.

Plaintiff also files suit under the NJCRA. Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart: Section 1983. See generally, Newport v. Fact Concerts, 453 U.S. 247, 259-261 (1981); Allen v. Fauver, 167 N.J. 69, 74 768 A.2d 1055 (2001). In fact, the "NJCRA was intended to serve as an analog to [Section 1983]; it was intended to 'incorporate and integrate seamlessly' with existing civil rights jurisprudence." Slinger v. State of New Jersey, 2008 U.S. Dist. LEXIS 71723, at *15.

Both the NJCRA and Section 1983 require that the party sued be a "person." Furthermore, the NJCRA and Section 1983 define "person" so as to preclude suits against officials acting in their official capacity. Will, 491 U.S. at 71; N.J.S.A. 10: 6-2(c). "Since the NJCRA is substantially modeled after [Section 1983], and shares the requirement that the defendant sued be a 'person,' the NJCRA should also be deemed to incorporate Will." Slinger, 2008 U.S. Dist. LEXIS 71723, at *19. For these reasons, Plaintiff's suit against Attorney General Milgram, pursuant to the NJCRA, cannot proceed.

With respect to Plaintiff's claims against the State of New Jersey and the Division of State Police under the NJCRA, Plaintiff's suit against these parties meets a similar fate because suit against those entities is impermissible in this Court. New Jersey has waived its immunity from tort liability only in specified circumstances under the Tort Claims Act, none of which are applicable here. Lastly, the Supreme Court has held that Congress did not intend Section 1983 to provide a cause of action against the states. For these reasons, the instant motion seeking to dismiss Plaintiff's Complaint as pled against the State of New Jersey and Division of State

Police, for violations of the NJCRA is granted.

## CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 17th day of August, 2009,

ORDERED that Defendants' Motion for Judgment on the Pleadings [16] is GRANTED on Counts VI, VIII, and IX of the Complaint as pled against Attorney General Anne Milgram; and it is further

ORDERED that Defendants' Motion for Judgment on the Pleadings [16] is GRANTED on Counts VI, VIII, and IX of the Complaint as pled against the Division of State Police; and it is further

ORDERED that Defendants' Motion for Judgment on the Pleadings [16] is GRANTED on Counts VI, VIII, and IX of the Complaint as pled against the State of New Jersey.

                                          s/ Anne E. Thompson
                                        ANNE E. THOMPSON, U.S.D.J.