<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Melinda CHAPMAN,

     Plaintiff,

v.

State of New Jersey, et al.

     Defendants.

Civ. No. 08-4130

OPINION & ORDER

<u>THOMPSON, U.S.D.J.</u>

     This matter comes before the Court upon Defendants' Motion for Summary Judgment [docket # 45] and Defendants' Appeal of the Magistrate Judge's Order [49].  The Court has decided the matter upon consideration of the parties' submissions and after holding oral argument on December 20, 2010.  For the reasons below, the Defendants' Motion for Summary Judgment is granted in part and denied in part, and Defendants' Appeal of the Magistrate Judge's Order is denied.

## I.   BACKGROUND

     On July 11, 2007, Plaintiff was mistakenly involved in a "buy-bust," a drug enforcement operation, while she was seated in her car in a supermarket parking lot.  The intended target of the enforcement operation was seated in a car directly in front of Plaintiff's car.  After a confidential informant ("CI") made a controlled purchase of drugs from the intended target, the Defendants—New Jersey State Police officers and troopers—converged on Plaintiff's car with weapons drawn, mistakenly believing that Plaintiff was their target.  Defendants maintain that authorities only converged "after the passenger in Plaintiff's automobile, Khalid McMorris, exited plaintiff's car and directed loud, distracting and confrontational remarks at the officers

1

while they were in the process of arresting and securing their two drug suspects." (Defs.' Mot. to Dismiss) [16]. Plaintiff denies this and states that she and her passenger, McMorris, were seated in the car, backing out of the parking lot, when Defendants stopped and removed them. (Pl.'s Statement of Facts in Opp'n to Def's Mot. for Summ. J. 2) [50]. Defendants then brought Plaintiff and McMorris to the ground and secured them with flex handcuffs. After determining that the Plaintiff and McMorris were unrelated to the investigation, the police released them both. The parties disagree on the length of the detention. Plaintiff was then transported to a nearby hospital after complaining of knee pain. She also claims that she was hyperventilating and that her blood pressure became elevated. (*Id.* at 3.) The CI was seated in a nearby car during the incident, although the parties dispute what the CI might have witnessed.

On June 26, 2008, Plaintiff filed suit in state court. She claims that she was unlawfully arrested in violation of her rights under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act and asserts several state law causes of action as well. The matter was removed to this court on August 18, 2008. The Attorney General, the State of New Jersey, and the Division of State Police (the State defendants) were dismissed from the case by order. (Order, August 25, 2010) [24]. Five defendants remain: Officers Crutchley, Poskay, Lemanowicz, Eustace, and Primerano.

On September 27, 2010, Magistrate Judge Bongiovanni ordered Defendants to produce for a deposition the CI who made the controlled drug purchase. (Order, Sept. 27, 2010) [40]. The Magistrate Judge's order limited the scope of the deposition, barring questions about the identity and background of the CI, and restricting attendance to counsel only. (*Id.* 1-2.) Defendants appeal the order on the grounds that the "informant's privilege" should excuse them from having to produce the CI.. Defendants also move for summary judgment on all claims.

## II.  APPEAL OF THE MAGISTRATE JUDGE'S ORDER

**A.  Legal Standard.**

Under L. Civ. R. 72.1(c)(1)(A), a party may appeal a Magistrate Judge's determination of a non-dispositive matter.  A Magistrate Judge's decision will be overturned only when the ruling was "clearly erroneous or contrary to law."  L. Civ. R. 72.1(c)(1)(A).  "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law."  *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).  A ruling is contrary to law "if the magistrate judge has misinterpreted or misapplied applicable law," whereas a finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  *Id*.

**B.  Analysis**

A privilege exists in favor of allowing the government to withhold the identity of an informant in a civil case unless disclosure is "essential to assure a fair determination of the issues."  *Mitchell v. Roma*, 265 F.2d 633, 635-36 (1959).  Defendants' appeal argues that the CI's testimony is not "essential" because the CI was not in a position to witness the events, and even if the CI had been, the testimony would simply be cumulative of evidence already produced.  Defendants believe that any speculative potential benefit from the CI's testimony is greatly outweighed by the costs of forcing Defendants to produce their informant.  Their concern is that the CI's identity will be disclosed as a result of the deposition, putting the CI's life in danger and chilling the future cooperation of this and other informants.

We are not unsympathetic to Defendants' arguments.  The chances are low that Plaintiff's Counsel will obtain anything of value during the deposition, as Plaintiff's Counsel conceded at oral argument.  And we recognize that informants are often reluctant to become involved in formal legal proceedings.  However, the balancing of the benefits and costs of ordering an

informant deposed involves a substantial amount of judgment.  Although another judge might

have reached a different conclusion, that alone does not make the ruling clearly erroneous.  In

this case, the Magistrate Judge conscientiously crafted an order that addresses the Defendants'

concerns about the CI's safety while still allowing Plaintiff the benefit of the CI's testimony.

The Order prevents anyone but counsel from attending the deposition, Plaintiff's counsel is

forbidden from asking any questions about the identity or background of the CI, and the scope of

the deposition is limited to the events in the parking lot on the night in question.  These

restrictions convince us that the Magistrate Judge's decision was not "clearly erroneous or

contrary to law."

### III. MOTION FOR SUMMARY JUDGMENT

**A.  Legal Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure

materials, and any affidavits show that there is no genuine issue as to any material fact and that

the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The court must

determine "whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v.

Liberty Lobby*, 477 U.S. 242, 251-52 (1986).  The Court must grant summary judgment against

any party "who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B.  Plaintiff's Section 1983 Claim**

Section 1983, 42 U.S.C. § 1983, provides a remedy for the violation of a federal

constitutional or statutory right.  It is well-established that an arrest without probable cause is a

violation of the Fourth Amendment and is actionable under § 1983.  *Walmsley v. Philadelphia*, 872 F.2d 546, 551 (3d Cir. 1989).  In this case, the Defendants do not argue that they had probable cause to arrest Plaintiff.  Instead, they argue that Plaintiff was not arrested; she was only temporarily detained, and the detention was reasonable in light of McMorris's behavior.

"The Fourth Amendment is not, of course, a guarantee against all searches and seizures, but only against unreasonable searches and seizures."  *United States v. Sharpe*, 470 U.S. 675, 682 (1985).  Even if an officer does not have probable cause to make an arrest, the officer may seize a person temporarily in order to investigate possible criminal behavior.  *Terry v. Ohio*, 392 U.S. 1, 23 (1968).  The United States Supreme Court has refused to "adopt a hard-and-fast time limit for a permissible [investigative] stop."  *Sharpe*, 470 U.S. at 686.  Instead, a court must consider "whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant."  *Id.* at 687.

Defendants rely on *Baker v. Monroe Township*, in which the Third Circuit held that a detention of about fifteen minutes was not unreasonable and that pointing weapons and using handcuffs did not automatically constitute an arrest if it was justified under the circumstances, 50 F.3d 1186, 1192, 1193 (3d Cir. 1995).  Defendants do not address how long Plaintiff was in custody, although they state that it took no more than thirty seconds for the officers to secure Plaintiff.  (Defs.' Mot. Summ. J. 3.)  Plaintiff, on the other hand, states that she was kept face-down on the ground for thirty minutes and kept in handcuffs for an additional fifteen to twenty minutes.  (Pl.'s Statement of Facts in Opp'n to Def's Mot. for Summ. J. 3.)  She argues that a detention of this length constitutes an arrest as a matter of law, or in the alternative, that whether she was arrested is a question for the jury.  (Opp'n Br. 5.)

The reasonableness of the seizure and whether it constituted an arrest are legal conclusions that the Court could make on summary judgment. *See Sharpe*, 470 U.S. at 685. However, there are two significant factual disputes in this case that counsel against dismissing Plaintiff's claim as a matter of law. First, the parties dispute how McMorris's behaved and whether the officers' actions were in response to anything McMorris did. Second, it is unclear how long Plaintiff was kept in custody. Without knowing if Plaintiff was held for five minutes or forty-five minutes and if the officers had reason to keep her and her companion secured, the Court is not in a position to make a legal determination that Plaintiff was or was not arrested. Accordingly, we deny summary judgment on Plaintiff's Section 1983 claim.

### C. Plaintiff's State Law Claims under the Tort Claims Act

Plaintiff asserts several state law tort claims including negligence, false arrest, assault and battery, and civil conspiracy. These claims are governed by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. The Act provides, in pertinent part:

> No damages shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $3,600.00.

N.J.S.A. 59:9-2(d). To satisfy this "verbal threshold," a plaintiff must show (1) an objective permanent injury, and (2) a permanent loss of a bodily function that is substantial. *Knowles v. Mantua Twp. Soccer Ass'n*, 823 A.2d 26, 29 (2003) (citation omitted). Plaintiff admits that she does not satisfy these requirements. (Opp'n Br. 14.) However, there is an exception that permits full recovery against a public employee "if it is established that his conduct was outside the scope of his employment or constituted a crime, actual fraud, actual malice or willful misconduct." N.J.S.A. 59:3-14(b). Plaintiff argues that she is entitled to damages on her state law claims because the Defendants acted with actual malice. (Opp'n Br. 14); *see Toto v. Ensuar*,

952 A.2d 463, 470-71 (N.J. 2008) (holding that false arrest claims are subject to verbal threshold, but that threshold need not be satisfied if employee committed willful misconduct or any other exception in N.J.S.A 59:3-14(b)).

The Court seriously doubts that Defendants acted with actual malice.  On the evidence before us, it is more likely that the officers simply made a mistake.  However, construed in the light most favorable to Plaintiff, we cannot conclude that the evidence of malice is so one-sided that Defendants must prevail as a matter of law.  Plaintiff alleges that she was kneed in the back while on the ground, cursed at, told to shut up, and kept on the ground for over thirty minutes despite her protestations.  She also claims that the Defendants attempted to "cover up" their unlawful conduct by inventing McMorris's actions.  A jury could find malice, and accordingly, we find that Plaintiff's state law claims are not barred, en masse, by the Tort Claims Act.

### D.  Civil Conspiracy

Nevertheless, Plaintiff's claim for civil conspiracy must be dismissed because the evidence fails to support the claim.  Civil conspiracy requires: (1) a combination of two or more persons, (2) a real agreement or confederation with a common design, (3) the existence of an unlawful purpose to be achieved by unlawful means, and (4) special damages.  *Am. Gen. Life Ins. Co. v. Altman Family Ins. Trust ex rel. Altman*, 2009 WL 5214027, at *5 (D.N.J. 2009) (citation omitted).  Plaintiff would have the burden of proving each of these elements at trial, and we find that she has failed to show that the Defendants reached a real agreement for an unlawful purpose.  Plaintiff claims that Defendants conspired to violate her civil rights by unreasonably seizing her.  (Opp'n Br. 16).  However, in presenting her statement of material facts, Plaintiff essentially admits that there was never an agreement to seize her.  She concedes that when Defendants were planning the buy-bust operation, "there was no discussion of or planning for the eventuality that there might be actual people" at the scene, and that in the hour leading up to the

operation, the Defendants were at the scene and yet did not make "any observation of plaintiff until such time as she started to back her car out . . . ." (Pl.'s Statement of Facts in Opp'n to Def's Mot. for Summ. J. 5.) Plaintiff also states that Defendant "Poskay did not consider the possibility that plaintiff might be a shopper." (*Id.*) In other words, Defendants did not anticipate or plan for Plaintiff's presence in the parking lot and were not aware that Plaintiff was a mere bystander until after they seized her. Therefore, we cannot see how the Defendants could have reached an agreement to seize Plaintiff unlawfully considering they did not know of or plan for her presence.

Plaintiff argues that the existence of a conspiracy is proved by Defendants' attempts to "cover up" the unlawful seizure by falsely alleging that McMorris was out of the vehicle and behaving aggressively. Plaintiff suggests that the cover up is circumstantially proven by an inconsistency between Defendant Poskay's recollection in an internal affairs interview that he heard another trooper order McMorris out of the vehicle, (Reynaud Cert. 3) [50-3], and his deposition testimony that he did not hear another officer tell McMorris to get out of the vehicle and does not remember telling internal affairs differently, (*Id.* Ex. D, Poskay Dep. 13:18-21). The Court has not heard Poskay's internal affairs interview and cannot confirm that there is, in fact, an inconsistency. However, even if Defendant Poskay changed his story after the internal affairs interview, it is not evidence that any Defendants reached an agreement to violate Plaintiff's rights *before* the seizure occurred, as Plaintiff alleges.

<u>CONCLUSION</u>

For the above reasons, IT IS on this 7th day of January, 2011,

ORDERED that Defendants' Appeal of the Magistrate Judge's Order [docket #49] is

DENIED; and it is

ORDERED that the Magistrate Judge's September 27, 2010, Order [40] is AFFIRMED;

and it is

ORDERED that Defendants' Motion for Summary Judgment [45] is GRANTED IN

PART and DENIED IN PART; and it is

ORDERED that Plaintiff's cause of action for civil conspiracy contained in Count Four

of the Amended Complaint is dismissed with prejudice.


*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.